**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 25-237-DLB**

**BERTILA JACQUELINE AIGAJE ASCANTA**                                      **PETITIONER**


**v.**                          **MEMORANDUM OPINION AND ORDER**


**PAMELA BONDI, et al.**                                                   **RESPONDENTS**

\* \* \* \* \* \* \* \* \* \*

## I.    INTRODUCTION

This matter is before the Court on Petitioner Bertila Jacqueline Aigaje-Ascanta's Petition for Writ of Habeas Corpus (Doc. # 1).  Respondents[1] having filed their Response (Doc. # 15), and Petitioner having filed her Reply (Doc. # 20), this matter is now ripe for review.  For the following reasons, the Court will **deny** the Petition.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Bertila Jacqueline Aigaje-Ascanta is a native and citizen of Ecuador. (Doc. # 1 ¶ 1).  She entered the United States on May 20, 2024.  (*Id*. ¶ 20).  DHS issued her a Notice to Appear ("NTA") that same day, directing her to appear before an Immigration Judge ("IJ") on May 23, 2024.  (Doc. # 22-1).  On December 17, 2025, while

---

[1]    Petitioner originally filed this action against Pamela Bondi, Former Attorney General of the United States; Kristi Noem, Former Secretary of the Department of Homeland Security ("DHS"); Todd Lyons, Acting Director, United States Immigration and Customs Enforcement ("ICE"); and Samuel Olson, ICE, Field Office Director.  (Doc. # 1 at 1).  On March 23, 2026, Markwayne Mullin was confirmed as the Secretary of DHS, and was automatically substituted as a party under Fed. R. Civ. P. 25(d).  Respondents move for the case caption to be updated to reflect this change. (Doc. # 23 at 1).  While the substitution occurs automatically by operation of law, for administrative purposes, the Court will direct the Clerk to modify the docket.

working on a roofing construction project in Palatine, Illinois, Petitioner was approached by ICE agents who detained her after issuing an NTA and a Warrant for Arrest of Alien. (Docs. # 15-1 and 15-2).  Two days later, on December 19, 2025, Aigaje-Ascanta filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Northern District of Illinois (Doc. # 1).  On December 31, 2025, the Petition was transferred to the Eastern District of Kentucky where this Court sits.  (*See* Docs. # 12 and 13).

In her Petition, Aigaje-Ascanta argues that she is being wrongly detained at the Campbell County Detention Center and requests that the Court order her immediate release or, alternatively, that she receive a bond hearing before an IJ.  (*Id.* at 19). Respondents filed their Response on February 13, 2026 (Doc. # 15).  On March 5, 2026, twelve days prior to Petitioner filing her Reply, she attended a custody redetermination hearing before IJ Kelly Johnson.  (Doc. # 20-2).  In his order, IJ Kelly Johnson denied bond on the grounds that the immigration court lacks authority to hear a bond request in light of the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (*Id*. at 1).  Alternatively, the IJ concluded that, "[s]hould a reviewing body find that the Court has authority to hear this bond, the Court finds that [Aigaje-Ascanta] is a flight risk."  (*Id.*).  The order states this decision was made after "full consideration of the evidence presented[.]"  (*Id.*).  In her Reply, Petitioner acknowledges that she appeared before an IJ for a custody redetermination hearing but argues that the IJ "refused to consider bond" and that "without a ruling from this Court, Petitioner will be detained without the chance to seek or receive a bond."  (Doc. # 20 at 4).

The Court was not convinced by Petitioner's argument that the IJ "refused to consider bond."  (*Id.*).  Indeed, while the IJ's order does note that the immigration court

lacked jurisdiction to consider Petitioner's request, it also states that the IJ fully considered the evidence presented prior to reaching his alternative decision to deny bond because she is a flight risk.  (Doc. # 20-2 at 1).  Thus, on March 19, 2026, this Court issued a show cause order requiring further briefing on whether Petitioner received a constitutionally adequate hearing under 8 U.S.C. § 1226, including the opportunity to present evidence, and, if so, whether this Court has jurisdiction to review a discretionary decision made by an IJ regarding bond.  (Doc. # 21).  Petitioner having filed her Response (Doc. # 22) and Respondents having filed their Reply (Doc. # 23), the matter is now ripe for this Court's review.

## III.    ANALYSIS

Petitioner's Response is difficult to follow.  Petitioner seems to acknowledge that she had a bond hearing and that she was able to submit nearly 100 pages of supporting documentation at that hearing.  (Doc. # 22 at 3) ("Counsel for Petitioner was able to submit a motion requesting bond with supporting documentation of relief . . ."); (*see also* Doc. # 22-1).  Moreover, Petitioner acknowledges that the "IJ denied bond in the alternative for flight risk based on the only relief presented being a U visa petition[.]" (*Id*. at 4).  However, Petitioner does not argue that this Court has jurisdiction to review this discretionary decision.  Rather, Petitioner contends that the "IJ erred as a matter of law ignoring a vacatur of an erroneous decision by the Board of Immigration Appeals by a Federal Judge."[2]  (*Id*. at 6).  That, however, is not the dispositive issue before this Court.

---

[2]    While not explicitly stated by Petitioner, the Court understands Petitioner to be referring to *Bautista v. Santacruz*, No. 5:25-cv-01873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).  A case from the Central District of California where the district court vacated *Hurtado*, finding it contrary to law.  2026 WL 468284, at *12.  Not only is this case not binding on either this court or the immigration court in question, but the Ninth Circuit Court of Appeals has also temporarily stayed the district court's order vacating *Hurtado*.  *Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044

As acknowledged by the Court in its Show Cause Order, this Court's concern was that after full consideration of the evidence, the IJ denied bond in-the-alternative, because Petitioner is a flight risk, and this court lacks jurisdiction to review such a discretionary decision.  (*See* Doc. # 21 at 2) ("[T]he Court finds that further briefing is required to determine whether Petitioner received a constitutionally adequate hearing . . . including the opportunity to present evidence, and, if so, whether this Court has jurisdiction to review a discretionary decision made by an IJ regarding bond.").  Thus, Petitioner's argument that this Court has jurisdiction because the IJ erred when it denied bond due to lack of jurisdiction is irrelevant.  The IJ denied bond on two alternate grounds: (1) a lack of jurisdiction, and (2) Petitioner is a flight risk.  (Doc. # 20-2).  The second ground, that Petitioner is a flight risk, was decided on the merits.  (*See id.*) ("Should a reviewing body find that the Court has authority to hear this bond request, the Court would find that Respondent is a flight risk.").  This in-the-alternative decision then, was made after full consideration of the evidence presented—including nearly 100 pages of evidence—and is a clear discretionary decision by the IJ.  Respondents argue that this Court lacks jurisdiction to review such a decision.  (Doc. # 23).  The Court agrees.

8 U.S.C. § 1226(e) provides that

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

---

(9th Cir. Mar. 6, 2026).  As will be discussed, Petitioner's argument that the IJ disregarded *Bautista* is irrelevant.  Even so, that argument is futile because neither this Court, nor the immigration court, are bound by that case and therefore the IJ could not have "erred as a matter of law." (*See* Doc. # 22 at 6).

Accordingly, "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." *Fuentes v. Lyons*, No. 5:25-cv-153, 2025 WL 3022478, at *3 (S.D. Tx. Oct. 29, 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). Still, the Supreme Court has emphasized that "this limitation applies only to 'discretionary' decisions about the 'application' of § 1226 to particular cases. It does not block lawsuits over 'the extent of the Government's detention authority under the "statutory framework" as a whole.'" *Nielsen*, 586 U.S. at 401 (quoting *Jennings v. Rodriguez*, 583 U.S. 295-96 (2018)). So, where a petitioner challenges a particular discretionary "action" taken by an IJ—as opposed to the statutory framework as a whole— § 1226(e) precludes the federal courts' review. *Jennings*, 583 U.S. at 296; *see also Borbot v. Warden Hudson Cnty. Corr. Fac.*, 906 F.3d 274, 279 (3d. Cir. 2018) ("Because [the petitioner] does not challenge a particular action or decision, but rather 'the statutory framework that permits his detention without bail,' § 1226(e) does not deprive the District Court or this Court of jurisdiction[.]" (quoting *Demore v. Kim*, 538 U.S. 510, 517 (2003) (cleaned up)). Thus, the Court may only consider Aigaje-Ascanta's Petition insofar as it challenges the extent of the Government's detention authority under the INA's framework. *See Nielsen*, 586 U.S. at 401.

Here, the Court "is not persuaded, based on the arguments before it, that the IJ's decision was unlawful merely 'because it was handed down on an in-the-alternative basis.'" *Kumar v. Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chiquito Barzola v. Warden, Delaney Hall Det. Facility Newark NJ*, No. 2:25-cv-17326 (MEF), 2025 WL 3443487, at *2 (D.N.J. Dec. 1, 2025)). In *Chiquito Barzola*, an IJ found that the immigration court lacked jurisdiction to release the petitioner

5

pursuant to *Hurtado* but ruled in the alternative that the petitioner was not entitled to release because he posed a flight risk.  2025 WL 3443487, at *2.  In reviewing the petitioner's habeas petition, a court in the District of New Jersey concluded

> There is no reason to discount the Immigration Judge's risk-of-flight holding because it was handed down on an in-the-alternative basis.  In the alternative holdings are understood as providing, on their own, a sufficient foundation for a court's ruling. . . . Therefore, the Immigration Judge's in-the-alternative holding, that the Petitioner is a risk of flight, supplies an adequate basis for the Immigration Judge's determination that the Petitioner should remain detained.

> *Id*.

In *Kumar*, a court in the Western District of Oklahoma similarly concluded that it lacked the jurisdiction to reconsider the IJ's discretionary decision, despite that decision being handed down on an in-the-alternative basis.  2026 WL 753944, at *2.  Specifically, the court noted that the petitioner argued that the record evidence did not support the IJ's decision, yet he made no attempt to show that the decision was "somehow legally erroneous or unconstitutional."  *Id.*; *see also Singh v. Blanche*, No. CIV-26-311-D, 2026 WL 915596, at *9 (W.D. Okla. Apr. 3, 2026) ("The IJ's bond determination order states that a hearing was held and the IJ considered evidence. . . 'Petitioner does not indicate that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof.'" (quoting *Kumar*, 2026 WL 753944, at * 2)); *Hernandez-Gabriel v. Tate*, No. H-25-5687, 2026 WL 161192, at *4 (S.D. Tex. Jan. 20, 2026) (finding that the court had "no jurisdiction to entertain" a petitioner's challenge of the immigration judge's order where the IJ denied bond in-the-alternative).

Petitioner challenges the IJ's discretionary decision to deny bond in-the-alternative.  Indeed, Petitioner took issue with the fact that the IJ denied bond "based only

6

on the relief presented being a U visa petition." (Doc. # 22 at 4). Because this is a challenge to a discretionary decision, rather than a challenge to the statutory framework as a whole, § 1226(e) precludes this Court's review.

## IV.    CONCLUSION

Accordingly, for the reasons stated herein, **IT IS SO ORDERED** as follows:

(1)    Aigaje-Ascanta's Petition for Writ of Habeas Corpus (Doc. # 1) is **DENIED**; and

(2)    The Clerk of Court shall **MODIFY** the docket to substitute Markwayne Mullin for Kristi Noem as one of the Respondents in this proceeding.

This 16th day of April, 2026.



Signed By:

David L. Bunning

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2025\25-237 MOO on Habeas Petition.docx